UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
YVONNE MUI,

                               Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer ALVIN ASKEW, Shield No. 17602; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Yvonne Mui ("plaintiff" or "Ms. Mui") is a resident of Queens County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Alvin Askew, Shield No. 17602 ("Askew"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Askew is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13.     At approximately 9:00 a.m. on September 8, 2012, Ms. Mui, a sixty-two year old woman, was lawfully in the vicinity of the Crescent Street Station, at or around the intersection of Crescent and Fulton Streets in Brooklyn, New York.

14.     Ms. Mui was going to take the subway to visit her elderly mother, which she typically does every Saturday.

15.     Upon arriving at the crowded Crescent Street Station (the "station"), Ms. Mui swiped her metrocard several times at the turnstyle, but each time the machine directed her to swipe again.

16.     Plaintiff observed a crowd of people going through the emergency gate instead of the turnstyle in order to get to the subway platform.

17.     Ms. Mui began to walk toward the gate with the others.

18.     Before approaching the gate, defendant officer Askew appeared to direct plaintiff and the others to go back through the turnstyle.

19. Ms. Mui walked back to the turnstyle and again attempted to swipe her metrocard. After approximately three more swipes, plaintiff's metrocard worked and she passed through the turnstyle.

20. Once through the turnstyle, defendant Askew approached plaintiff and demanded her identification.

21. Plaintiff provided her employee identification, a City of New York Department of Environmental Protection picture identification card.

22. Defendant Askew demanded plaintiff's driver's license. As Ms. Mui was responding that she was not sure if she had her driver's license with her, defendant Askew began to take out his handcuffs.

23. When Ms. Mui asked why he was taking out his handcuffs, defendant Askew put his face directly in plaintiff's face and responded, in sum, "I can do whatever I want."

24. Having never had any interaction with law enforcement, Ms. Mui, who is approximately five feet and two inches in height and weighing approximately 100 pounds, became scared and stepped back.

25. Defendant Askew then advanced toward Ms. Mui, using his body to thrust her backward, backing her up against a metal gate within the station.

26. Defendant Askew violently grabbed plaintiff's arm.

27. Defendant Askew knocked plaintiff to the ground so forcefully, her

sneaker came off of her foot when she hit the ground.

28. Before plaintiff could move, defendant Askew had his knee in her back and was handcuffing her while she lay on her stomach on the ground of the subway station.

29. Plaintiff lay on the ground handcuffed as people walked by.

30. Additional officers, including John and Jane Doe defendants, arrived.

31. Defendants pulled Ms. Mui up off the ground by her handcuffs and took her to a police precinct.

32. Plaintiff asked to be taken to the hospital as she was in severe pain from the assault, but was denied her request.

33. Plaintiff asked for water, but was denied her request.

34. Plaintiff was finally taken to Interfaith Medical Center where she was treated for her injuries, including injections for pain and monitoring of her elevated blood pressure.

35. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had engaged in theft of services, disorderly conduct and resisting arrest.

36. At no point did the officers observe plaintiff engage in theft of services, disorderly conduct or resisting arrest.

37. Plaintiff was eventually taken to Brooklyn Central Booking.

38. After spending over twenty-four hours in jail, Ms. Mui was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

39. Ms. Mui was unable to return to work following this incident.

40. Ms. Mui receives ongoing treatment for the physical and emotional injuries she sustained at the hands of defendants.

41. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

42. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

43. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

44. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**False Arrest**

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**State Law False Imprisonment and False Arrest**

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

53. Plaintiff was conscious of her confinement.

54. Plaintiff did not consent to her confinement.

55. Plaintiff's confinement was not otherwise privileged.

56. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

63. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

64. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. The individual defendants created false evidence against plaintiff.

67. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

68. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

69. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Deliberate Indifference to Medical Needs

70.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

71.     The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

72.     Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

73.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring, Training And Retention

74.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

75.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

76.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

77. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

78. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused plaintiff's injuries.

79. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Intentional Infliction of Emotional Distress

80. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

81. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

82. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

83. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

84. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Negligent Infliction of Emotional Distress

85. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

86. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

87. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

88. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

89. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

90. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

91. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

92. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

93. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   November 30, 2012
         New York, New York

                              HARVIS WRIGHT
                              SALEEM & FETT LLP

                              _____
                              Baree N. Fett
                              305 Broadway, 14th Floor
                              New York, New York 10007
                              (212) 323-6880
                              bfett@hwsflaw.com

                              *Attorney for plaintiff*